PER CURIAM.
Hall appeals the trial court’s order striking as time-barred his Motion to Vacate Conviction and Sentence pursuant to Florida Rule of Criminal Procedure 3.850. Hall’s appointed counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and Hah has filed a subsequent brief on his own behalf. Following our own review of the record we agree with the trial court that Hall failed to seek relief within the two-year period provided by the rule and, therefore, affirm.
The facts of the case are not disputed. In September of 1991 Hall was charged with armed robbery in the Circuit Court for Nassau County. Following a jury trial in which Hall was found guilty of the charged offense, the trial court sentenced him to a term of 5½ years state incarceration. Hall appealed his conviction and sentence to this court but ultimately voluntarily dismissed the appeal pursuant to Florida Rule of Appellate Procedure 9.350(b). Hall’s appeal was dismissed by order of the clerk of this court on September 22,1992.
On September 6, 1995, nearly three years following the dismissal of his appeal, Hall filed the motion to vacate his conviction and sentence in the Circuit Court for Nassau County. As the basis for the relief sought, Hall alleged that the State Attorney for the Fourth Judicial Circuit had breached a negotiated plea agreement in a Duval County prosecution in which Hall agreed to plead nolo contendere to two armed robbery charges and accept a sentence upwardly departing from the guidelines, and the Office of the State Attorney agreed not to file other robbery charges against him.
On September 17, 1991, the Office of the State Attorney, which has prosecutorial jurisdiction over both Duval and Nassau counties, filed the information in this case. The charged offense was committed on January 18, 1991, some three months before the plea agreement was entered in the Duval County case. Nonetheless, it does not appear that Hall challenged the Nassau County prosecution as a breach of the negotiated plea agreement. Hall now contends that the Nassau County trial court was without jurisdiction since the plea agreement in the Duval County prosecution precluded the state from filing any other robbery charges against him.
*90 Hall’s jurisdictional challenge is not well-taken. Jurisdiction is generally defined as the power of a court lawfully to hear and to determine a cause. Lovett v. Lovett, 93 Fla. 611, 112 So. 768 (Fla.1927). The Office of the State Attorney has no authority to oust a court’s lawful authority in the manner that Hall contends. The matter was properly brought before the Nassau County trial court by information. The facts upon which Hall’s claim is predicated were obvious at the time the information was filed yet Hall failed to raise the issue of the plea agreement in his defense at trial. According to rule 3.850(b), therefore, Hall had two years from the date that the judgment and sentence became final in which to seek relief. The judgment and sentence became final on September 22, 1992, when this court dismissed Hall’s direct appeal upon his notice pursuant to Florida Rule of Appellate Procedure 9.350(b). Hall’s postconviction proceeding, initiated on September 6, 1995 is untimely on it face. The trial court’s order striking Hall’s motion is, therefore, AFFIRMED.
WEBSTER and MICKLE, JJ., and SHIVERS, Senior Judge, concur.